### WILLIAM CLAXTON'S ADM'R, ET AL., *v.* WILLIAM G. SIMPSON'S ADM'R, ET AL.

**Conveyance of Real Estate—Description.**
> Where a description in a deed runs to the Kentucky river, it will be construed to mean to low water mark of such river.

**Unrecorded Deed.**
> Whether a wife has joined in the execution of a deed or not, if such deed is never recorded it is void as to the wife.

APPEAL FROM OWEN CIRCUIT COURT.

January 25, 1877.

OPINION BY JUDGE COFER:

The call to run to Kentucky river, we think, should be construed to mean to low water mark. The original call was to run to the river, and it was the evident purpose of Simpson to sell and of Claxon to buy all the land the former owned, and as the title was not divested by the raising of the water to the top of the dams Simpson continued to own the land to the extent of the original boundary.

The deed from Simpson and wife, if ever legally executed by the latter, has never been recorded, and is void as to her. Secs. 15, 22, 23, Chap. 24, Rev. Stat. We are therefore of the opinion that the court did not err in fixing the number of acres in the tract, nor in adjudging dower to Mrs. Simpson.

Judgment *affirmed*.

*T. N. & D. W. Lindsey, for appellants.*

*H. P. Montgomery, for appellees.*